UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT MAVERICK MADEKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01058-SRC |
| | ) | |
| STATE OF ILLINOIS and JACK | ) | |
| FLASH, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

Self-represented Plaintiff Brett Madeker filed a complaint, doc. 1, in which he asserts unusual facts.  In the caption of the complaint, he identifies the State of Illinois and Jack Flash, Inc. as defendants  Doc. 1 at 1 (The Court cites to page numbers as assigned by CM/ECF.).  Madeker also filed a motion for leave to proceed *in forma pauperis*.  Doc. 2.  The motion includes an unusual statement that Madeker is a "Hostage over there Patent." *Id.* at 1.  Nevertheless, the Court finds that the motion establishes Madeker's inability to pay the filing fee and grants him leave to proceed *in forma pauperis*.  Doc. 2.  But having reviewed Madeker's complaint under 28 U.S.C. § 1915, the Court finds it is frivolous and dismisses it with prejudice.  Doc. 1.  And in light of its frivolity determination, the Court denies as moot Madeker's motion to appoint counsel.  Doc. 3.

### I.      Background

Madeker prepared the complaint using the Court's civil complaint form.  *See* doc. 1.  His handwriting is often illegible.  Where the form complaint seeks information regarding federal jurisdiction, Madeker writes:  "They wont turn the devices off my penis and balls if they get life in prison." *Id.* at 3.  Madeker appears to identify four Illinois law enforcement agencies and two

individuals.  *Id.*  Where the form prompts Madeker to state the facts supporting his claims, he writes:

> They raped me with Officer [illegible], his Ex wife the State Police in Effingham who hired [illegible].  The Mentally or physically abuse me with Electronics I want all Device off Electronically in my Body.  A Settlement by all Companies and Government.  If not Im suing to ask The State of Vermont to put me to sleep Medically and have all parties charged with Murder.  [Illegible] witnesses recordings.  I think they killed Soldiers from Ft. Jackson, S.C.

*Id.* at 5 (The Court quotes the complaint verbatim without correcting or noting any errors.).  Where the form prompts Madeker to describe the relief he wants from this Court, he writes: "Brain damage physical and Mental Damage."  *Id.*

## II.    Standard

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those allegations that are "fantastic" or "delusional," *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328).  Although "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

Complaints filed by self-represented litigants "are to be given liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  That means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework." *Id.*

(alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However,

even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.

*See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume

facts that are not alleged, just because an additional factual allegation would have formed a

stronger complaint").  Finally, giving a pro se complaint the benefit of a liberal construction does

not mean that courts should interpret the procedural rules of civil litigation "so as to excuse

mistakes by those who proceed without counsel."  *See McNeil v. United States*, 508 U.S. 106,

113 (1993).

### III.    Discussion

Having liberally construed Madeker's complaint, doc. 1, the Court finds that it contains

no claims over which the Court may exercise jurisdiction.  Madeker's allegations are fantastic or

delusional.  For instance, he asserts that electronic devices were implanted in his body, and he

states that if he does not receive a settlement from "all Companies and Government," he will ask

the State of Vermont to put him to sleep and have "all parties" charged with murder.  Doc. 1 at 5.

The Court finds that these allegations "rise to the level of the irrational or wholly incredible."

*Denton*, 504 U.S. at 33.  The Court therefore deems Madeker's complaint "frivolous" because it

"lacks an arguable basis . . . in law or in fact."  *Neitzke*, 490 U.S. at 325.

Section 1915 requires the Court to "dismiss the case at any time if the [C]ourt determines

that . . . the action . . . is frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  Accordingly, given its

frivolity determination, the Court dismisses this case with prejudice, as Madeker cannot remedy

the defects in the complaint through more specific pleading.  *See Denton*, 504 U.S. at 34; *see*

*also id.* at 27, 31–32, 34 (discussing frivolity standard of section 1915(d), which is now found in

3

section 1915(e)); *Buchanan v. City of Little Rock*, 107 F.3d 875, at *1 (8th Cir. 1997)

(unpublished table decision) (noting the shift of the frivolity standard from section 1915(d) to

section 1915(e)).

**IV.    Certificate of appealability**

For the same reasons the Court deems Madeker's complaint frivolous, the Court is also

"thoroughly convinced that there is no substantial question for review and that an appeal will be

futile."  *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952).  Accordingly, the Court certifies that

an appeal from this order would not be taken in good faith.  *See id.*; 28 U.S.C. § 1915(a)(3).

**V.     Conclusion**

The Court grants Madeker's [2] motion to proceed *in forma pauperis*.  But on section

1915 initial review, the Court deems Madeker's complaint frivolous and dismisses this case with

prejudice.  And in light of its frivolity determination, the Court denies as moot Madeker's

[3] motion to appoint counsel.  A separate Order of Dismissal accompanies this Memorandum

and Order.

So ordered this 14th day of October 2025.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE